# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT TOLEDO

| | |
|---|---|
| **AMIDA DURR**, on behalf of herself and others similarly situated, | : :  |
| Plaintiff, | : **CASE NO. 3:23-cv-966** : : **JUDGE** |
| v. | : : **MAGISTRATE JUDGE** |
| **ALPLA INC.**, c/o Corporation Service Company 3366 Riverside Drive, Suite 103 Upper Arlington, OH 43221, | : : **JURY DEMAND ENDORSED** : **HEREON** : : : |
| Defendant. | : |

## COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Plaintiff Amida Durr ("Named Plaintiff"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her Collective and Class Action Complaint against Defendant ALPLA Inc. ("Defendant") for its failure to pay employees overtime wages and seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; O.R.C. § 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the Ohio Acts claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following collective and class action allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.     JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Ohio and Defendant has conducted substantial business in the Northern District of Ohio.

**II.    PARTIES**

    **A.     Named Plaintiff**

4. Named Plaintiff is an individual and a United States citizen, and she was employed in this judicial district.

5. Named Plaintiff worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts primarily in the position of Packer and Lead Packer from approximately 2007 to October 2022.

6. At all times relevant, Named Plaintiff primarily performed non-exempt job duties for Defendant and was paid on an hourly basis.

7. Named Plaintiff brings this action on behalf of herself and other similarly situated production employees, and she has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b), attached hereto as **Exhibit A**.

### B. Defendant

8. Defendant ALPLA Inc. is a corporation that is authorized to do business in Ohio and conducts business in this judicial district.

9. At all times relevant, Defendant was and continues to be an entity engaged in commerce and/or the production of goods within the meaning of 29 U.S.C. § 203(s)(1).

10. Defendant produces "packaging systems, bottles, caps, and injection-moulded parts for a wide range of industries"[1] and owns and operates numerous production facilities/plants throughout the country.[2]

11. At all relevant times, Defendant has been an "employer" of Named Plaintiff and other similarly situated employees as that term is defined by the FLSA.

12. Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

13. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated production employees to work. The work that Named Plaintiff and other similarly situated production employees performed was for Defendant's benefit.

14. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated production employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

15. During relevant times, Defendant benefitted from the work performed by Named

---

[1] ALPLA, https://www.alpla.com/en (last visited May 11, 2023).
[2] *Company: Global Presence*, https://www.alpla.com/en/company/global-presence?country=United%20States%20of%20America (last visited May 11, 2023).

Plaintiff and those similarly situated production employees.

16. Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices, and procedures relating to the payment of wages and compliance with the FLSA and the Ohio Acts (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

18. Defendant has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

19. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

**III. FACTS**

20. During all times relevant, Named Plaintiff and Defendant's other similarly situated production employees are hourly, non-exempt employees who are entitled to overtime.

21. Named Plaintiff and other similarly situated production employees worked, or they were scheduled to work, forty (40) or more hours in one or more workweek(s) during the three (3) years immediately preceding the filing of this Complaint.

22. Defendant paid Named Plaintiff and other similarly situated production employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

23. In addition to the Base Hourly Wage, Defendant pays its production employees additional forms of remuneration that should be included in the calculation of employees' regular rates of pay for purposes of calculating overtime compensation. These additional forms of remuneration include but are not limited to nondiscretionary production bonuses (stylized as a "PIP Bonus"), stand-in bonuses, and COVID-19 "herobonus[es]" (hereinafter nondiscretionary bonuses will collectively be referred to as "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b), 778.211(c).

24. Production bonuses, stand-in bonuses, incentive bonuses related to COVID-19, and other forms of Additional Remuneration are required to be included in Defendant's employees' regular rate of pay calculations according to the United States Department of Labor.[3]

25. During the last three (3) years preceding the filing of this Complaint, Named Plaintiff and other similarly situated production employees regularly received their Base Hourly Wage and Additional Remuneration in various workweeks when they worked in excess of forty (40) hours.

26. When Defendant paid Named Plaintiff and other similarly situated production employees both their Base Hourly Wage and Additional Remuneration, Defendant failed to properly calculate their employees' regular rates of pay for purposes of overtime pay because Defendant did not include Additional Remuneration in the regular rate calculations. Consequently,

---

[3] *See Fact Sheet #56 – Bonuses Under the Fair Labor Standards Act (FLSA)*, U.S. DEP'T OF LAB., https://www.dol.gov/agencies/whd/fact-sheets/56c-bonuses (last visited May 11, 2023); *COVID-19 and the Fair Labor Standards Act Questions and Answers*, U.S. DEP'T OF LAB., https://www.dol.gov/agencies/whd/flsa/pandemic#:~:text=No%2C%20the%20FLSA%20does%20not,employee's%20regular%20rate%20of%20pay (last visited May 11, 2023) (see section entitled *Hazard Pay and Incentive Payments*

Defendant failed to properly compensate Named Plaintiff and other similarly situated production employees the overtime wages that they were due in accordance with the requirements of the FLSA.

27. For example, for the pay period from November 29, 2020 until December 18, 2020, Named Plaintiff worked 80 hours at her base hourly rate of $17.44 and 10.38 hours at an overtime rate of $26.16 (i.e., 1.5x her base hourly rate of $17.44). However, Named Plaintiff also received a stand-in bonus of $160.00, and a $1,000 "herobonus" during this pay period. Defendant therefore failed to properly calculate Named Plaintiff's overtime rate by excluding the stand-in bonus and "herobonus" from the calculation of her regular rate of pay for the purposes of overtime.

28. As an example, for the pay period from April 3, 2022 until April 16, 2022, Named Plaintiff worked 76.18 regular hours at her base hourly rate of $20.50 and 6.14 hours at an overtime rate of $30.75 (i.e., 1.5x her base hourly rate of $20.50). However, Named Plaintiff also received a PIP Bonus of $220.00 during this pay period. Defendant therefore failed to properly calculate Named Plaintiff's overtime rate by excluding the production bonus from the calculation of her regular rate of pay for the purposes of overtime.

29. Named Plaintiff and similarly situated production employees regularly worked more than forty (40) hours per workweek, but they were not paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) as a result of Defendant's policy and/or practice described herein.

30. Defendant's failure to compensate Named Plaintiff and similarly situated production employees as set forth above resulted in unpaid overtime.

31. Defendant's policy and/or practice of not fully compensating production employees applies to all of its similarly situated hourly, non-exempt production employees.

32. At all times relevant herein, Named Plaintiff and those similarly situated production employees were employees as defined in the FLSA and the Ohio Acts.

33. Defendant is and has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

34. Defendant knowingly and willfully failed to pay Named Plaintiff and other similarly situated production employees for time spent working as described herein.

35. As a result of Defendant's common, companywide policies and/or practices described above, Named Plaintiff and other similarly situated production employees have not been paid for all hours worked, resulting in overtime damages in one or more workweek(s) when they worked at least forty (40) hours during their employment.

36. Upon information and belief, for the three (3) years preceding this Complaint, Defendant applied the same pay practices and/or policies to all similarly situated hourly, non-exempt production employees, including Named Plaintiff.

    **A.**      **216(b) Collective Action for Unpaid Overtime Wages**

37. Named Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b) and on behalf of all other similarly situated production employees who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

38. The collective that Named Plaintiff seeks to represent and for whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff herself is a member, is composed of and defined as follows:

> **All current and former hourly, non-exempt production employees of Defendant who received their Base Hourly Wage and Additional Renumeration in any workweek that they were paid for more than 40 hours beginning 3 years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective**

Members").

39. This action is maintainable as an "opt-in" collective action pursuant to Section 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Named Plaintiff, numerous current and former production employees are similarly situated with regard to their wages and claims for unpaid overtime wages and damages. Named Plaintiff is representative of those other production employees and is acting on behalf of their interests, as well as her own, in bringing this action.

40. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to Section 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

### B. Rule 23 Class Action for Unpaid Overtime Wages

41. Named Plaintiff additionally brings her claims under the Ohio Acts pursuant to Rule 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former Ohio hourly, non-exempt production employees of Defendant who received their Base Hourly Wage and Additional Renumeration in any workweek that they were paid for more than 40 hours beginning 2 years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Ohio Rule 23 Class" or the "Ohio Rule 23 Class Members").**

42. The Ohio Rule 23 Class includes all production employees employed by Defendant who worked in the State of Ohio during the relevant time period above.

43. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

44. Named Plaintiff is a member of the Ohio Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

45. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 class as well as the interests of all members of the Ohio Rule 23 Class.

46. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

47. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

48. Questions of law and fact are common to the Ohio Rule 23 Class.

49. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt production employees.

50. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class.

51. Class certification is appropriate under Rule 23(b)(3) because the questions of law and fact common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

52. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Acts by failing to pay the Ohio Rule 23 Class for all overtime hours worked; (b) whether Defendant kept accurate records of the amount of time that the Ohio Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Acts were knowing and willful; (d) what amount of unpaid and/or withheld

compensation, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; (e) whether the unpaid and/or withheld compensation remained unpaid in violation of the OPPA; and (f) what amount of prejudgment interest is due to Named Plaintiff and the Ohio Rule 23 Class Members for overtime or other compensation that was withheld or not paid to them.

53. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**IV.   CAUSES OF ACTION**

**COUNT I:**
**(29 U.S.C. § 207 – FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)**

54. All of the preceding paragraphs are realleged as if fully rewritten herein.

55. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective Members against Defendant.

56. Defendant's companywide practice and/or policy of not including Additional Renumeration in the regular-rate-of-pay calculations resulted in the underpayment of overtime wages in workweeks that Named Plaintiff and other similarly situated FLSA Collective Members worked overtime.

57. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

58. As a result of Defendant's practices and/or policies, Named Plaintiff and the FLSA Collective Members have been injured in that they have not received overtime wages due to them pursuant to the FLSA.

59. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

60. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective.

**COUNT II:**
**(O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME UNDER THE OHIO WAGE ACT)**

61. All of the preceding paragraphs are realleged as if fully rewritten herein.

62. This claim is brought under the Ohio Wage Act.

63. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

64. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) their regular rates of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (same).

65. While employed by Defendant, Named Plaintiff and the Ohio Rule 23 Class

Members worked in excess of the maximum weekly hours permitted under Section 4111.03, but they were not fully paid overtime wages for all such hours spent working as outlined above.

66. As a result of Defendant's companywide corporate policies, it failed to pay Named Plaintiff and the Ohio Rule 23 Class Members all overtime wages earned, resulting in unpaid overtime.

67. Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of the Ohio Acts.

68. Defendant's repeated, knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class Members were violations of Section 4111.03, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members are entitled.

69. For Defendant's violations of Section 4111.03, Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Ohio Rule 23 Class Members.

**COUNT III:**
**(O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)**

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant.

72. During all relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

73. The OPPA requires that the Defendant timely pay Named Plaintiff and the Ohio

Rule 23 Class Members all wages in accordance with Section 4113.15(A).

74. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA and the Ohio Wage Act, Defendant also violated the OPPA.

75. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid overtime wages remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

76. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

77. As a result of Defendant's willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages as stated in Section 4113.15.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Members, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

D. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and the Ohio Acts, and, as such, Named Plaintiff, FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding judgment against Defendant for damages for all unpaid overtime compensation owed during the applicable statutory period(s) under the FLSA and continuing through trial;

F. Awarding judgment against Defendant for liquidated damages pursuant to the

FLSA in an amount equal to all unpaid overtime compensation owed during the applicable statutory period(s) under the FLSA and continuing through trial;

G. Awarding unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

H. Awarding liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed during the applicable statutory period;

I. Awarding costs and disbursements and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

J. Awarding Named Plaintiff's counsel reasonable attorneys' fees and all costs connected with this action;

K. Granting further leave to add additional plaintiffs;

L. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

M. Awarding judgment for all civil penalties to which Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class may be entitled; and

N. Granting such other and further relief as to this Court may deem necessary, just, or proper.

        Respectfully submitted,

        **COFFMAN LEGAL, LLC**

        */s/ Matthew J.P. Coffman*
        Matthew J.P. Coffman (0085586)
        Adam C. Gedling (0085256)
        Kelsie N. Hendren (0100041)

> Tristan T. Akers (0102298)
> 1550 Old Henderson Road
> Suite 126
> Columbus, Ohio 43220
> Phone: 614-949-1181
> Fax: 614-386-9964
> Email: mcoffman@mcoffmanlegal.com
>    agedling@mcoffmanlegal.com
>    khendren@mcoffmanlegal.com
>    takers@mcoffmanlegal.com
>
> *Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

> */s/ Matthew J.P. Coffman* \_\_\_\_\_
> Matthew J.P. Coffman