# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT TOLEDO

| | |
|---|---|
| **AMIDA DURR**, on behalf of herself and others similarly situated, | : : : |
| Plaintiff, | : : CASE NO. 3:23-CV-966-JRK : |
| v. | : JUDGE JAMES R. KNEPP II : |
| **ALPLA, INC.**, | : MAGISTRATE JUDGE DARRELL A. : CLAY |
| Defendant. | : : : |

### STIPULATED ORDER GRANTING JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

Amida Durr ("Representative Plaintiff") sued ALPLA, Inc. ("Defendant") (collectively Representative Plaintiff and Defendant referred to as the "Parties") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. (ECF No. 1). Representative Plaintiff alleges that Defendant violated the FLSA by failing to pay production employees all overtime wages owed as a result of Defendant allegedly failing to properly incorporate non-discretionary bonus payments into overtime rate calculations. *Id*. Defendant denies these allegations and asserts that it properly paid its production employees, including Representative Plaintiff, for all hours worked. There are another approximately 2192 eligible settlement participants who will receive notice of this settlement and have an opportunity to join in the settlement (collectively with Representative Plaintiff, "Plaintiffs") by submitting a signed Consent Form and Release ("Consent Form). (ECF No. 11). Representative Plaintiff and Defendant engage in arm's length negotiations and have settled Plaintiffs' claims and now move for approval of their settlement agreement. *Id*.

1

Generally, the provisions of the FLSA are mandatory and can only be settled through either supervision by the Secretary of Labor or through approval by a district court of a suit brought pursuant to § 216(b) of the FLSA. *McElroy v. Fresh Mark, Inc.*, No. 5:22-cv-287, 2023 WL 7130776, at *2 (N.D. Ohio Oct. 30, 2023) (Lioi, C.J.). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also McElroy*, 2023 WL 7130776, at *2 (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *McElroy*, 2023 WL 7130776, at *2.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case as the Parties dispute whether production employees were not paid overtime wages as a result of Defendant allegedly failing to properly incorporate non-discretionary bonus payments into overtime rate calculations. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals. Although the Parties did not engage in

formal discovery, Plaintiffs' counsel was able to assess Defendant's payroll and timekeeping information and construct a damage analysis.

Although the parties dispute both the existence and amount of unpaid overtime, the parties represent that individual settlement payments reflect: a potential payment for over 101% of the damages related to the alleged unpaid overtime claim. The individual settlement payments are reasonable. *See McElroy*, 2023 WL 7130776, at *4 (approving as reasonable a settlement where the opt-in plaintiffs were receiving approximately 56% of the amount they were owed under a three-year statute of limitations). Additionally, the Court finds that Representative Plaintiff's service award is reasonable given the time and effort she put into this case for the interests of the class and her signing of a general release rather than a limited wage and hour release.

Moreover, the agreed attorneys' fees represent one-third of the total settlement amount and are reasonable. *See Carr v. Bob Evans Farms, Inc.*, No. 1:17-CV-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018) (Gwin, J.) ("In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund"). *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."). It is also reasonable for Plaintiffs' counsel to be compensated for their out-of-pocket costs of $2,189.50.

The parties' joint motion, ECF No. 11, is **APPROVED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the action to enforce the terms of the Settlement, including the administration of the settlement, the addition of Eligible Settlement Participants and the distribution process.

**IT IS SO ORDERED**:

Date: 2/15/2024

s/ James R. Knepp II
**JAMES R. KNEPP II**
**UNITED STATES DISTRICT JUDGE**

3